UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHANIEL HALL, | ) | Case No. CV 12-3493 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND FOR |
| | ) | IMMEDIATE PAYMENT OF |
| | ) | BENEFITS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**I.   SUMMARY**

On April 27, 2012, plaintiff Nathaniel Hall ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 2, 2012 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, and for the reasons discussed below, the decision of the Commissioner is REVERSED AND REMANDED for immediate payment of benefits.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 6, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 11, 169, 179). Plaintiff asserted that he became disabled on September 2, 2004, due to left leg, knee and heart problems. (AR 202). The ALJ examined the medical record and heard testimony from plaintiff on January 11, 2011. (AR 58-104). The ALJ also considered the opinions of Howard Goldfarb, an impartial vocational expert, who reviewed plaintiff's Social Security file (including plaintiff's hearing testimony), and answered interrogatories propounded by the ALJ which sought opinions about, *inter alia*, plaintiff's past relevant work and plaintiff's ability to perform other work that exists in significant numbers in the national economy. (AR 11, 275-81).

On June 10, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11-18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: crush injury to the left lower extremity with peroneal nerve injury (secondary to work injury in September 2004), status post fasciotomy of the left lower extremity with secondary left foot drop (improved), and arthritic changes of the left knee (AR 13-14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 14); (3) plaintiff retained the residual functional capacity to perform less than a full range of light work (20 C.F.R. §§ 404.1567(b), 416.967(b))[1] (AR 14, 15-16); (4) plaintiff could not perform his

---

[1] The ALJ essentially determined that plaintiff: (1) could lift/carry 10 pounds frequently and 20 or 25 pounds occasionally; (2) could sit for six hours in an eight-hour day; (3) could
(continued...)

2

past relevant work (AR 16); and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cashier II, production assembler, and small products assembler (AR 17).

The Appeals Council denied plaintiff's application for review. (AR 4).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

///

---

[1](...continued)
stand/walk for six hours in an eight-hour day; (4) must be able to alternate between sitting and standing/walking every two hours; (5) could occasionally stoop and kneel; and (6) could not climb ladders, scaffolds or ropes. (AR 14, 15-16).

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

    **B.**    **Standard of Review**

    Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to consider plaintiff's allegations of disabling pain and failed to provide clear and convincing reasons for discounting plaintiff's subjective complaints. (Plaintiff's Motion at 3-9). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Facts

At the January 11, 2011 administrative hearing plaintiff testified, in pertinent part, to the following: He injured his left leg in 2004 while working as a forklift operator. (AR 74-76). After receiving surgery, he was given a brace for his leg. (AR 75). He cannot lift his leg up and down. (AR 76-77). He has pain and throbbing in his leg and experiences numbness from the knee to the ankle. (AR 77). Due to the pain and numbness he is unable to sit or stand "too long," always needs to move his leg around, and must constantly switch between sitting and standing. (AR 77, 80). He experiences pain in his leg and feels a grating sensation in both knees as soon as he stands up and/or begins to walk. (AR 78, 80). He wobbles when he walks and has developed pain in his right knee because he was forced to stand on it more due to the constant pain in his left leg. (AR 78-79). He would try to relieve his pain by leaning against a wall while standing or

sitting down. (AR 79). He experiences pain in his knee constantly while sitting, and rubs his leg "all the time" in an effort to "beat the pain." (AR 81). He takes prescription medication for the pain, but does not have health insurance. (AR 81-83).

In an Exertion Questionnaire dated January 14, 2009, plaintiff stated the following: Since his injury in 2004, his condition worsened such that his foot cannot go up and down and his knees do not support his weight without his legs buckling from under him. (AR 211). He cannot bear the pain he experiences in his left leg when he stands "for periods of time." (AR 208). He finds it "very difficult to walk" because his knees "really hurt" and he needs to drag his leg. (AR 208). He cannot climb stairs unless he takes them "one step at a time." (AR 209). He is "unstable" when doing any heavy lifting. (AR 210). He takes Tramadol at night, and Motrin every six hours for pain. (AR 210). He uses a brace and cane to help with walking and standing. (AR 210).

In a Pain Questionnaire dated March 23, 2009, plaintiff stated the following: He experiences constant pain in his left leg and both knees which radiates to his hips, back and feet. (AR 215, 217). Sometimes the pain wakes him up. (AR 215). Although his prescription medication relieved the pain early on, more recently it "doesn't seem to work." (AR 215). He relieves the pain by staying off his legs as much as possible, and can sit for long periods if he keeps his legs extended. (AR 216, 217). He can only walk half a block before his pain becomes "unbearable." (AR 217).

In his decision, the ALJ, in pertinent part: (1) described the two-step process the Commissioner uses to evaluate a claimant's subjective symptom allegations; (2) stated that the medical evidence essentially showed that plaintiff's condition

///

///

had improved since his 2004 surgery;[2] and (3) summarily concluded "[f]or these reasons, I find that [plaintiff's] subjective symptoms are not disabling." (AR 16).

### B. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "General findings are insufficient." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted); see also Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) ("The ALJ must cite the reasons why the claimant's testimony is unpersuasive.") (citation and quotation marks omitted).

---

[2]Specifically, the ALJ stated the following regarding the medical evidence:

> The medical evidence establishes that [plaintiff's] left lower extremity has improved. [Plaintiff's] x-rays of the knees [in] April 2009 have been unremarkable, showing no fractures, dislocations, etc. There has been no need for any surgeries since September 3, 2004, when [plaintiff] had lower left leg fasciotomies.

(AR 16).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13) (quotation marks omitted). The ALJ may also consider (1) inconsistencies or discrepancies in a claimant's statements; (2) inconsistencies between a claimant's statements and activities; (3) exaggerated complaints; and (4) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Although an ALJ may not discredit a claimant's subjective symptom testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ may consider in assessing credibility. See Burch, 400 F.3d at 681; see also Reddick, 157 F.3d at 722 ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.") (citation omitted).

If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

**C.   Analysis**

Defendant essentially argues that the ALJ properly rejected plaintiff's subjective symptom allegations because (1) after his initial injury in 2004, plaintiff received only conservative treatment (*i.e.*, medication and physical therapy) and did not require surgery; and (2) the medical evidence did not support plaintiff's allegations of disabling pain. Nonetheless, the Court finds that a remand is warranted because the ALJ failed properly to provide clear and convincing reasons

for discrediting plaintiff's subjective complaints and the Court cannot conclude that such error was harmless.

First, the ALJ failed properly to account for plaintiff's statements regarding the intensity, persistence and limiting effects of plaintiff's pain. For example, the decision does not address plaintiff's testimony that he could not lift his left leg, had constant pain and numbness in his leg, and could not sit or stand "too long" because of the pain. (AR 76-80). Nor does the ALJ address plaintiff's statements that his condition has worsened since 2004, that plaintiff experiences constant, at times severe, pain in his left leg and both knees which radiates to his hips, back and feet, that plaintiff's knees sometimes buckle when he stands and he finds it "very difficult to walk," that plaintiff cannot sit for long periods unless he keeps his legs extended, that after walking half a block plaintiff's pain becomes "unbearable," and that plaintiff's prescription medication no longer seems to work. (AR 208-11, 215-17). Indeed, the ALJ's decision makes no mention of the specific testimony or written statements plaintiff provided for the record regarding his subjective symptoms. (AR 14-16). An ALJ may not disregard such evidence without providing a sufficiently specific explanation. See Robbins, 466 F.3d at 883 (ALJ must give "careful consideration" to all relevant subjective symptom evidence and, where record establishes the existence of a medically determinable impairment that could cause a claimant's symptoms, make specific findings as to credibility of such evidence) (citations omitted); cf. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984) (error for ALJ to disregard or misinterpret competent evidence in the record in order to support conclusion). Since, as discussed more fully below, such evidence was material to plaintiff's disability claim, a remand is warranted on this basis alone.

Second, in light of such error, the ALJ's rejection of plaintiff's subjective symptom allegations is not supported by substantial evidence. An ALJ may properly discount a plaintiff's credibility based on an unexplained failure to seek

1 | or receive treatment commensurate with the severity of the alleged pain.  See
2 | Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (In assessing
3 | credibility, the ALJ may properly rely on plaintiff's unexplained failure to request
4 | treatment consistent with the alleged severity of her symptoms.); see, e.g., Meanel
5 | v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (In assessing credibility, ALJ
6 | properly considered doctor's failure to prescribe and claimant's failure to request
7 | any serious medical treatment for supposedly excruciating pain); Tidwell v. Apfel,
8 | 161 F.3d 599, 602 (9th Cir. 1999) (lack of treatment and reliance upon
9 | nonprescription pain medication "clear and convincing reasons for partially
10 | rejecting [claimant's] pain testimony"); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.
11 | 1989) (ALJ permissibly considered discrepancies between the claimant's
12 | allegations of "persistent and increasingly severe pain" and the nature and extent
13 | of treatment obtained).  Here, however, the ALJ did not, as defendant suggests
14 | (Defendant's Motion at 5), expressly discredit plaintiff on such grounds.  This
15 | Court is constrained to review the reasons cited by the ALJ.  Connett v. Barnhart,
16 | 340 F.3d 871, 874 (9th Cir. 2003); see also Molina, 674 F.3d at 1121 (citing
17 | Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196(1947))
18 | ("[courts] may not uphold an [ALJ's] decision on a ground not actually relied on
19 | by the agency").

     Even if the ALJ did discredit plaintiff based on plaintiff's level of treatment, the ALJ failed to offer specific, clear and convincing reasons for such a credibility finding.  The ALJ's finding that no doctor recommended additional surgery does not, as defendant implies, clearly and convincingly establish that plaintiff did not seek or receive more than "conservative" treatment.  To the contrary, the record reflects that plaintiff has regularly complained of constant, and at times severe, pain and weakness in his left leg and knees.  (AR 284, 292, 314, 324, 338, 341, 344, 353, 366, 391, 411-12, 424, 426, 429, 433, 460).  One treatment record from November 5, 2007, reflects that plaintiff complained that his pain was "getting

1  worse." (AR 415).  In addition, plaintiff takes Tramadol – an extended release
2  "narcotic-like" prescription pain reliever commonly "used to treat moderate to
3  severe *chronic pain* when treatment is needed *around the clock*."  See Tramadol,
4  Drug Information Online, available at http://www.drugs.com/tramadol.html
5  (emphasis added).  To the extent plaintiff did not to seek out more aggressive
6  treatment for his pain, the record reflects good reasons for his failure to do so (*i.e.*,
7  plaintiff was homeless (AR 208, 216) and uninsured (AR 83)).  See Smolen v.
8  Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may not reject symptom
9  testimony where claimant provides "evidence of a good reason for not [seeking
10 treatment]." ) (citations omitted).

11      Thus, the sole remaining reason the ALJ apparently gave for discrediting
12 plaintiff was a lack of objective medical evidence to support plaintiff's pain
13 allegations (*i.e.*, "[t]he medical evidence establishes that [plaintiff's] left lower
14 extremity has improved," "[Plaintiff's] x-rays of the knees [in] April 2009 have
15 been unremarkable," and "[t]here has been no need for any surgeries since
16 September 3, 2004 when [plaintiff] had lower left leg fasciotomies").  (AR 16).
17 However, as noted above, an ALJ may not disregard a claimant's subjective
18 symptom allegations solely because they are not substantiated affirmatively by
19 objective medical evidence.  See Burch, 400 F.3d at 681; Reddick, 157 F.3d at
20 722; see, e.g., Combs v. Astrue, 387 Fed. Appx. 706, 709 (9th Cir. 2010)[3] (legal
21 error for ALJ to discredit claimant's subjective symptom testimony merely
22 because it is unsupported by objective medical evidence) (citation omitted).

23      The Court cannot conclude that the ALJ's error was harmless.  Although the
24 vocational expert attested that there were several jobs in the national economy that
25 a person having the limitations identified in the ALJ's residual functional capacity

---

[3]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.
See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

1  assessment could perform, the expert also attested that if a person were limited in a
2  manner consistent with plaintiff's testimony, such person would be precluded from
3  all work. (AR 279-80).

####     D.     Reversal and Remand for Immediate Payment of Benefits Is Appropriate

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (same) (citing id.).  Even so, the choice whether to reverse and remand for further administrative proceedings, or to reverse and remand for immediate payment of benefits is within the discretion of the Court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Reddick, 157 F.3d at 728.  Where, like here, an ALJ improperly rejected a claimant's subjective symptom allegations, the erroneously rejected evidence should be credited and an immediate payment of benefits directed (rather than a remand for further proceedings) when: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted); see also Harman, 211 F.3d at 1178 ("[T]he necessity for further proceedings properly is evaluated under the general rule that remand is appropriate if *enhancement* of the record would be useful.") (emphasis added); Smolen, 80 F.3d at 1292.

Here, the Court concludes that plaintiff's case should be reversed and remanded for immediate payment of benefits.  Although defendant argues, in a conclusory fashion, that the Court should remand the case for further

administrative proceedings (Defendant's Motion at 5-6), such arguments do not persuade the Court that a remand would be fruitful or fair.  First, the ALJ made no mention of the testimony and two statements plaintiff provided for the record which contain several allegations of disabling pain, and the ALJ implicitly discredited plaintiff without providing legally sufficient reasons for doing so.  Second, defendant points to no outstanding issues that must be resolved before a determination of disability can be made in this case.  Third, the vocational expert unequivocally attested that a person who suffered limitations consistent with those expressed by plaintiff would be precluded from all work.  Therefore, it is clear that the ALJ would be required to find plaintiff disabled if the ALJ fully credited plaintiff's subjective symptom testimony.

It would not be fair to plaintiff to afford the Commissioner a second opportunity to address credibility – an issue that was material to the ALJ's ultimate disability determination.  See, e.g., Benecke, 379 F.3d at 595 (allowing Commissioner a second chance to decide the "central issue" in claimant's case "create[s] an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation omitted); Moisa, 367 F.3d at 887 (remanding for payment of immediate benefits where (i) ALJ erroneously rejected plaintiff's subjective pain testimony "solely for lack of [corroborating] objective medical evidence"; (ii) question of whether plaintiff was eligible for benefits turned "entirely on the credibility of [such] . . . testimony"; (iii) plaintiff "presented objective medical evidence showing the existence of medical impairments which could reasonably be expected to produce his alleged pain and other symptoms"; and (iv) the vocational expert "established that [plaintiff's] testimony, taken as true, demonstrates that [plaintiff] is unable to do his previous work or any other kind of substantial gainful work which exists in the national economy.") (citations omitted); id. ("The Commissioner . . . should not have [a second] opportunity to show that [plaintiff] is not credible any more than [plaintiff], had he lost, should

have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted).  Indeed, remand for immediate payment of benefits is appropriate even where, as defendant suggests here, the record contains other grounds upon which the ALJ could properly have discredited plaintiff.  See Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988) ("[I]f grounds for [discrediting claimant's subjective pain testimony] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.").

## V.     CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed and the case is remanded for immediate payment of benefits.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2012

                                          /s/
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE